**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OTIS WALKER and | ) | |
| CHRISTINE WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-171-RAW |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY CO., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel (Docket Entry #33). United States District Judge Ronald A. White who presides over this case referred this Motion to the undersigned for final determination. Plaintiffs bring this action against Defendant for breach of an insurance contract and breach of the implied duty of good faith and fair dealing arising from Plaintiffs' alleged property loss from a storm occurring on May 20, 2019. Plaintiffs' contend Defendant failed to provide for the reimbursement of the full value of the damaged property but, rather, only for a partial repair, in violation of the insurance contract and the implied duty owed by Defendant, as insurer, to Plaintiffs, as the insured. With these brief background facts in mind, this Court addresses the individual discovery disputes set out in the Motion in turn.

Request for Production No. 3: Please produce a copy of all training materials in effect at Defendant's claims office at the

time the applicable policy of insurance was purchased which relate to the manner in which claim professionals should handle claims, and, if additional and/or replacement training materials were in use at the time the Claim(s) were adjusted, produce those as well. This request includes all procedure manuals in which Defendant has dictated the methods through which Oklahoma claims under homeowner policies are to be handled.

Plaintiffs state that, after conferring with Defendant's counsel, they agreed to limit the request for training materials to those that pertain to wind/roof damage for the past five (5) years. Plaintiffs acknowledge and Defendant agrees that Defendant will produce the training manuals as limited.

Request for Production No. 14: Copies of the parts of the personnel files for those individuals listed in response to Interrogatory No. 2 which relate to the individuals' background, experience, training, qualifications and job performance, including discipline and promotions/bonuses/increases in salary.

Request for Production No. 17: For the three (3) years preceding the filing of this lawsuit, documents which informed Defendants' Oklahoma claims personnel of the manner in which they can expect to get increases in salaries, bonuses or commission, including but not limited to incentives for reducing the combined ratio, Oklahoma claim severity, or average Oklahoma claim payments. Presumably, this would include human resources manuals, salary administration manuals, personnel bulletins or manuals, and/or orientation booklets, directives, memos, or training aids.

Defendant responded to the request by stating that the company "[p]hilosophy is to handle each claim on its own merits. . . ." It then responded that in 2019 and 2020, it had "no incentive program, goal, or measure of job performance for its claims specialists or team managers that was based on reduction of claim

2

indemnity costs, pending claims, allocated adjustment expenses or other claim statistics as a condition for promotion or merit pay increase."

Defendant states in its response that it has produced information pertaining to the Claims Specialists who handled Plaintiffs' claim, including their background, experience, qualifications, and job performance reviews and states that they have no disciplinary records for these employees. It also offers to provide an affidavit in support of its response. Plaintiffs, however, are not satisfied with this response or the offer to provide an affidavit. Plaintiffs seek information from the personnel files of these individuals who handled their claim pertaining to their compensation, including promotions, bonuses, and salary increases that might reveal "indirect" incentivizing the reduction of claims payments such that it ties bonus or profit sharing to the company's overall performance.

Personnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008).

The Tenth Circuit explained the caution which must be exercised in determining whether the personnel file of a non-party

3

should be disclosed in discovery:

> [P]ersonnel files often contain sensitive personal information, . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression . . . .' " Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 26(c)(1)); see also Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused . . . , justified limiting [plaintiff's discovery of] personnel files").

Id. at 648-649.

However, the Circuit added, "[t]his is not to say personnel files are categorically out-of-bounds." Regan-Touhy, 526 F.3d at 649. Plaintiffs' request is simply to remote to grant. Plaintiffs expressly state that they seek evidence of compensation, not from an individual's actions to deny claims, but tied to the company's overall performance. Discovery of such a remote connection to the Claims Specialists' actions does not justify the wholesale production of their sensitive compensation information from their personnel files.

Interrogatory No. 12: Did Defendant utilize any computer software program(s) to evaluate and/or investigate Plaintiffs' Claim(s)? If so, please state the name of the programs, the manufacturer of the program, the intended purpose of the program, and identify any and all data that was input into the program(s)

4

and the result(s) generated by the program(s) with respect to Plaintiffs' Claim(s).

Request for Production No. 7: If software or other analytical tools were utilized by the Defendant in handling Plaintiff's claim(s), please provide all manuals and documentation describing the methodology used by such software and/or analytical tools in computing Plaintiffs' businessowners' (reference should be homeowners' per Plaintiffs) claim(s).

Request for Production No. 20: Please produce any documents evidencing or relating to any due diligence study, investigation, report, or analyses concerning the ability of any computer software claims adjusting program used by you to generate fair and reasonable evaluations of Oklahoma homeowner claims, including documents provided to State Farm to third parties.

While Plaintiffs state that Defendant provided the identity of the software used, they contend that Defendant failed to provide information on "how the software is used, how it functions, explaining or detailing the mechanics or methodology of its usage, or how it was used in handling Plaintiffs' specific Claim." For its part, Defendant has provided on Operation Guide on Xactimate, the software and has agreed to provide training materials on the use of the software. With this additional production, it appears Defendant has complied with the request in Interrogatory No. 12 and Request for Production No. 7.

Defendant has objected to the production of any documents in response to Request for Production No. 20, pertaining to studies or investigations into whether the software utilized for claims adjustment by Defendant produces "fair and reasonable evaluations"

5

of Oklahoma homeowners' claims, including third party documentation. Defendant specifically objects because the request is not limited by time or scope.

Plaintiffs are entitled to any information in Defendant's possession which demonstrates knowledge of the functioning of the software it admittedly utilizes to adjust homeowners' claims. To that end, Defendant shall produce any documents responsive to Plaintiffs' Request for Production No. 20 pertaining to the software which was specifically used to adjust Plaintiffs' claim in this case. There is no rational basis to limit time frame for such investigations or studies so long as they pertain to the same software used to adjust Plaintiffs' claims.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel (Docket Entry #33) is hereby **GRANTED**, in part, and **DENIED**, in part. Defendant shall comply with the agreed to production on Request for Production No. 3 by **SEPTEMBER 27, 2021,** if it has not already done so. Plaintiffs' Motion is **DENIED** as to Request for Production Nos. 14 and 17. By its representation, Defendant appears to have responded to Plaintiffs' Interrogatory No. 12 and Request for Production No. 7. Defendant shall supplement the responses with substantive information pertaining to Request for Production No. 20 no later than **OCTOBER 5, 2021.**

IT IS SO ORDERED this 20th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE